UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOESPH SAWCZAK,

                Plaintiff,

vs.                              Case No. 2:05-cv-327-FtM-99DNF

BOSTIC, ET AL.,

                Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court upon Defendant Luci Hadi's Motion to Dismiss (Doc. #52) filed June 24, 2006. Defendant Hadi seeks dismissal of Plaintiff's Complaint (Doc. #1) on the grounds, *inter alia*, that the Complaint fails to state a claim upon which relief could be granted. Plaintiff, after being granted two extensions of time (Docs. #58 and #63), filed a response to Defendant Hadi's Motion to Dismiss on October 5, 2006 (Doc. #64) and an Affidavit in Support (Doc. #65). This matter is now ripe for review.

**I.**

Plaintiff, currently civilly detained at the Florida Civil Commitment Center ("FCCC"), is proceeding *pro se* on his Complaint filed pursuant to 42 U.S.C. § 1983 (Doc. #1). Plaintiff alleges claims of malicious prosecution under the Fourth Amendment and, due process, equal protection and cruel and unusual punishment[1] pursuant

---

[1]Plaintiff's rights as a detainee arise from the Fourteenth Amendment, though the case law developed with regard to the Eighth
(continued...)

to the Fourteenth Amendment, as well as state law tort claims against various defendants, including Defendant Hadi. Defendant Hadi held the position as the Secretary of the Department of Children and Family Services at the time of the events complained of in Plaintiff's Complaint. Plaintiff names Defendant Hadi as a Defendant in both her individual and official capacities. Plaintiff seeks compensatory[2] and punitive damages as relief. Complaint, Section VII at 13.

The constitutional deprivations of which Plaintiff complains stem from Plaintiff's placement in confinement on March 19, 2005. In particular, Plaintiff claims that he was falsely charged by Defendants Bostic and Spurling of committing two disciplinary infractions, and that Defendants Lindsey, Emanoilidi, and Johnson failed to adhere to certain administrative policies and procedures in place at the FCCC in connection with the investigation and hearing concerning Plaintiff's confinement. Plaintiff refers to and attaches to his Complaint Exhibits A and B. Exhibit A is a copy of Plaintiff's appeal of the Behavior Management Process and Plan dated March 30, 2005. Exhibit B is a copy of Plaintiff's appeal of the Behavior Management Process and Plan dated May 5, 2005. Based upon Plaintiff's March 30, 2005 appeal,

---

[1](...continued)
Amendment prohibitions against cruel and unusual punishment is analogous. Cook *ex. rel* Estate of Tessier v Sheriff of Monroe County, Fla., 402 F.3d 1092, 1115 (11th Cir. 2005). See also Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir. 1985).

[2]Plaintiff seeks compensatory damages for emotional and physical injuries he sustained as a result of the confinement. The Complaint is devoid of any allegations that Plaintiff was in any way physically injured as a result of his confinement.

Defendant Harry reversed and remanded Plaintiff's behavior management disposition concerning the March 19, 2005 incident. Complaint, Exhibit "A." After the rehearing, the behavior management disposition concerning the March 19, 2005 incident was affirmed. Exhibit "B." In both of his appeals, Plaintiff points to specific FCCC rules and regulations that apparently were violated by FCCC staff in handling the March 19, 2006 incident. In addition to contesting the alleged conduct that gave rise to the disciplinary reports, Plaintiff complains that FCCC staff failed to adhere to its internal policies and regulations concerning Plaintiff's initial confinement and his subsequent hearing regarding the same.

Significantly for purposes of this Motion, neither the Complaint, nor Exhibits A or B attached thereto, allege that Defendant Hadi was in any way directly or indirectly involved in Plaintiff's initial or continuing confinement, or the hearing regarding the March 19, 2005 incident. Rather, from a review of the Complaint and Exhibits attached thereto it is clear that Plaintiff attributes liability to Defendant Hadi solely due to her position as Secretary of the Department of Children. Specifically, Plaintiff claims that various Defendants, including Hadi, are "responsible for implementing and/or enforcing the confinement procedures at the [FCCC] and ensuring that they comport with the due process of law and do not inflict cruel and unusual punishment on detainees." Complaint, ¶20 at 9. This is consistent with Plaintiff's Response in Opposition to Defendant Hadi's Motion in which Plaintiff acknowledges that liability is predicated

upon Hadi's "supervisory liability." Plaintiff's Response, ¶1 at 1. Plaintiff argues that Defendant Hadi was on notice that the confinement policies and procedures to which civil detainees under the Jinny Ryce Act are subjected were found to violate federal and state constitutional laws by the state court in <u>McCoy v. Liberty Behavioral Corporation et al.</u>, Case No. 2001-CA-0657 (Fla. 12th Cir. Ct. 2002) and <u>Kearney v. Barker</u>, 834 So.2d 347 (Fla. 4th DCA 2004).

## II.

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiffs. <u>Christopher v. Harbury</u>, 536 U.S. 403, 406 (2002); <u>Hill v. White</u>, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957) (footnote omitted); <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*). To satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002). However, the Eleventh Circuit imposes "heightened pleading requirements" for § 1983 cases, especially those involving qualified immunity. <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1362 n.7 (11th Cir. 2003)(citing <u>GJR Invs., Inc. v. County of Escambia</u>, 132 F.3d 1359,

1367 (11th Cir. 1998)). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16.

### III.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, plaintiff must allege that (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d at 1059; Swint v. City of Wadley, Ala., 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). A defendant who occupies a supervisory position may not be held liable under a theory of *respondeat superior* in a §1983 action. Monell v. Department of Soc. Servs., 436 U.S. 658, 690-692, 98 S. Ct. 2018, 2036 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003);

Farrow v. West, 320 F.3d 1235 (11th Cir. 2003). Rather to support a claim of liability against a supervisor the complaint must allege "a history of widespread abuse [that] puts the responsible supervisor on notice of the need to correct the alleged deprivation." Gonzalez v. Reno, 325 F.3d 1228, 1234-35 (11th Cir. 2003). Alternatively, the complaint must include allegations of a policy, custom or practice that was the "moving force" behind any alleged misconduct. Board of County Commissioners v. Brown, 117 S. Ct. 1382, 1388 (1997); see also Jones v. Cannon, 174 F.3d 1271, 1292 (11th Cir. 1999); Tennant v. Florida,111 F. Supp. 2d 1326 (S.D. Fla. 2000).

**IV.**

Although the Court recognizes that a *pro se* complainant is disadvantaged in ascertaining the proper legal entity against whom to bring his claim, see Brown v. Sikes, 212 F.3d 1205 (11th Cir. 2000), even assuming the truth of the allegations in Plaintiff's Complaint, the Court finds that there are no allegations that Defendant Hadi in way participated in the alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990), cert. denied 500 U.S. 933 (1990). Defendant Hadi's former position as Secretary of the DCF does not, without more, subject her to liability. Monell v. Department of Soc. Servs., 436 U.S. 658, 690-692, (1978); McDowell v. Brown, 392 F.3d 1283 (11th Cir. 2004); LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993), cert. denied, 510 U.S. 1164 (1994). Plaintiff's Complaint does not challenge a lack of a policy, or a

custom or practice that was the "moving force" behind any alleged misconduct. Board of County Commissioners v. Brown, 117 S. Ct. 1382, 1388 (1997); McDowell v. Brown, 392 F.3d 1283 (11th Cir. 2004); see also Jones v. Cannon, 174 F.3d 1271, 1292 (11th Cir. 1999); Tennant v. Florida,111 F. Supp. 2d 1326 (S.D. Fla. 2000).  Rather, it is clear from the Complaint, as elaborated by the Exhibits referenced therein and attached thereto, that the basis of Plaintiff claim is that the FCCC confinement policies and procedures that were in effect were not followed in connection with Plaintiff's March 19, 2005 confinement. Unlike the factual scenario in McCoy v. Liberty, Case No. 2001-CA-0657, Plaintiff does not allege a complete absence of any confinement policies and procedures at the FCCC.  Nor does Plaintiff allege that the FCCC's confinement procedures are the same or even similar to the confinement procedures at the South Bay Facility which were addressed by the state court in Kearney v. Barker, 834 So. 2d 347.  Rather, Plaintiff challenges the fact that he was not afforded due process because Defendants, other than Hadi, did not follow the FCCC's confinement policies and procedures in connection with his March 19, 2005 confinement.  Consequently, the Court finds that the Complaint fails to state a claim against Hadi, in either her individual capacity or in her capacity as the Secretary of the Department of Children and Families.

Additionally, to the extent that Plaintiff sues Hadi in her official capacity, the Court finds that Defendant Hadi is entitled to Eleventh Amendment Immunity.  Board of Trs. of Univ. of Ala. v.

Garrett, 531 U.S. 356, 363 (2001); McMillian v. Monroe County, 520 U.S. 781, 785 n.2 (1997;) Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 67 (1996); Miccosukee Tribe of Indians of Fla. v. Florida State Athletic Comm'n, 226 F.3d 1226, 1231 (11th Cir. 2000); Gamble v. Florida Dep't of Health & Rehab. Serv., 779 F.2d 1509, 1513 (11th Cir. 1986); Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986); Schopler v. Bliss, 903 F.2d 1373, 1379 (11th Cir. 1990).

Consequently, the Court, in viewing the facts alleged in the light most favorable to Plaintiff, concludes that no relief could be granted against Defendant Hadi under any set of facts that could be proved consistent with the allegations in Plaintiff's § 1983 Complaint. Lewis v. City of St. Petersburg, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)). Thus, Plaintiff has failed to state a cognizable claim under § 1983 and Plaintiff's Complaint will be dismissed against Defendant Hadi. Any other matters not addressed herein are found to be without merit[3].

ACCORDINGLY, it is

**ORDERED:**

---

[3]In particular, Defendant Hadi seeks dismissal of the Complaint on the grounds that Plaintiff failed to disclose in his Notice of Pendency of Other Actions a litany of other cases filed by Plaintiff that were dismissed by the courts. Based on Plaintiff's Affidavit (Doc. #65), the Court does not find that Plaintiff's failure to disclose such actions warrants grounds for dismissal.

    1.    Defendant Hadi's Motion to Dismiss (Doc. #52) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** without prejudice as against Defendant Hadi.

    2.    The **Clerk of Court** shall enter judgment dismissing this action as against Defendant Hadi and correct the caption to reflect this dismissal.

    **DONE AND ORDERED** in Fort Myers, Florida, on this __16th__ day of January, 2007.

                              _/s/ John E. Steele_
                              JOHN E. STEELE
                              United States District Judge

SA: hmk
Copies: All Parties of Record